```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

NATIONAL ASSOCIATION OF BOARDS   *
OF PHARMACY,
                                 *
     Plaintiff,
                                 *
vs.                                      CASE NO. 3:07-CV-084 (CDL)
                                 *
BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA,    *
*et al.*,
                                 *
     Defendants.
                                 *

O R D E R

Plaintiff alleges that Defendant Flynn Warren infringed its copyrights by copying Plaintiff's proprietary pharmacist licensure examination questions and using them in Warren's pharmacy board review course. Warren moved to dismiss Plaintiff's Complaint against him, arguing, among other things, that he is entitled to qualified immunity. On April 18, 2008, the Court denied in part Warren's motion to dismiss, finding that Warren was not entitled to qualified immunity at the motion to dismiss stage because Plaintiff sufficiently alleged that Warren violated clearly established law.[1] (Order on Motion to Dismiss 50-57, Apr. 18, 2008, Doc. 132.) Although Warren could have immediately appealed the denial of qualified immunity under the collateral order doctrine, *see, e.g.*, *Maggio v. Sipple*, 211 F.3d 1346, 1350 (11th Cir. 2000) (citing

---

[1] In that Order, the Court dismissed Plaintiff's Complaint as to the Board of Regents ("Board") and the individual Board members.

1

*Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)), he did not do so within 30 days after entry of the order denying his motion to dismiss. Warren now asks that the Court enter a final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to the Court's denial of Warren's motion to dismiss so that he can take "an immediate appeal" of the Court's April 18, 2008 decision. (Warren's Mot. for Entry of Final Judgment Pursuant to Rule 54(b) 1.) The Court denies Warren's request.

After the Court entered its Order on various motions to dismiss, including Warren's, Plaintiff filed a notice of appeal. Warren did not, although he could have. *E.g.*, *Maggio*, 211 F.3d at 1350. With regard to Plaintiff's appeal, the Eleventh Circuit found a jurisdictional problem: Plaintiff's appeal of the Court's order granting the Board's motion to dismiss was premature because no final judgment had been entered. On July 14, 2008, Plaintiff moved for an entry of judgment under Rule 54(b) as to the dismissal of the Board and the Board members, and the Court granted that motion. On August 12, 2008, Warren filed a notice of appeal of the Court's denial of his Motion to Dismiss. On October 1, 2008, in a one-page per curiam order, the Eleventh Circuit dismissed Warren's appeal, *sua sponte*, for lack of jurisdiction, noting that the Court's Rule 54(b) final judgment did not apply to Warren. Warren contends that this ruling opens the door for him to correct his failure to appeal within 30 days of the Court's April 18, 2008 Order because it suggests that Warren's appeal would not have been dismissed had he been included in

2

the July 14, 2008 entry of judgment pursuant to Rule 54(b).  The Court disagrees.

It is well established that where, as here, a denial of qualified immunity turns on an issue of law, the denial of qualified immunity on a motion to dismiss is an immediately appealable interlocutory order because it is considered a "final decision" within the meaning of 28 U.S.C. § 1291.  *E.g., Mitchell*, 472 U.S. at 530.  Warren appears to understand this rule; he argues that the Court should enter a Rule 54(b) final judgment as to the denial of qualified immunity on a motion to dismiss "by analogy" to the collateral order doctrine.  (Warren's Br. in Supp. of Mot. for Entry of Final Judgment Pursuant to Rule 54(b) 2.)  The collateral order doctrine would have permitted Warren to appeal the Court's April 18, 2008 denial of qualified immunity within 30 days.  Warren missed the deadline, so he now seeks a second chance under Rule 54(b).  Warren cites no authority in support of his argument that Rule 54(b) provides a second chance for a litigant who has missed an appeal deadline, and the Court declines to create one.  For these reasons, the Court denies Warren's Motion for Entry of a Final Judgment Pursuant to Rule 54(b) (Doc. 175).

IT IS SO ORDERED, this 23rd day of April, 2009.

                                        S/Clay D. Land

                                              CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE